THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALLAN E. LOWE, Appellant.

Fourth Department, January 5, 1955.

*Paul Reed Taylor* for appellant.

*Thomas Croucher, District Attorney,* for respondent.

*Per Curiam.* The defendant was convicted of criminal negligence (Penal Law, § 1053-a) as a result of an accident which occurred at 1:00 A.M. on December 25, 1953, when his automobile struck and killed a pedestrian who was crossing North Main Street in the city of Canandaigua. The proof of the speed of the car and whether or not the decedent was on the marked crosswalk at the time she was struck was not too clear. However, we would affirm the judgment of conviction, were it not for certain errors which may have been prejudicial to the defendant.

In the District Attorney's opening, which should have been limited to the proof which he intended to produce, he discussed at some length the consumption of alcoholic beverages by defendant and his companions during the evening prior to the accident. The inference to be drawn was that the People

intended to produce evidence of intoxication. At the close of the opening, and in the absence of the jury, defendant's counsel moved pursuant to subdivision 2 of section 71-a of the Vehicle and Traffic Law for " the results of the chemical blood test made in this case." The motion was denied. We think, under the circumstances, the motion should have been granted. Later in the trial the District Attorney, in the presence of the jury and over objection by defendant's counsel that it not be discussed in the jury's presence, stated: " the blood was analyzed by a chemist by the name of Temmerman in Rochester, and that man is available for Mr. Taylor [defendant's counsel] any time he wants him, and further, I would consent to the admission of his testimony." Defendant's counsel then moved for a withdrawal of a juror, which motion was denied. The District Attorney introduced no evidence of excessive drinking by the defendant. It is not unlikely, that from the opening statement, and the statement above quoted the jury might well have inferred that the defendant was intoxicated at the time of the accident.

The court in its charge, after defining criminal negligence with reasonable clarity, went on to charge subdivision 1 of section 56 of the Vehicle and Traffic Law which is only a statement of common-law negligence as applied to the operator of a motor vehicle. He further charged subdivisions 1 and 3 of section 15 of that statute although there was no proof of inadequate lights, brakes or mechanical defect in the defendant's motor vehicle. The instructions on these provisions of the statute, while they may not have been prejudicial to the defendant, must have been confusing to the jury, particularly in view of the fact that the court did not again explain that something more than ordinary negligence must be proved in order for the jury to find the defendant guilty of the crime charged. His sole explanation was: "To apply here, if a statute is violated, it must be found that the violation caused the accident or was one of the proximate causes of the accident."

In view of the above errors, the judgment of conviction should be reversed and a new trial granted.

All concur, except McCURN, P. J., and VAN DUSER, J., who dissent and vote for affirmance.

Present — McCURN, P. J., VAUGHAN, PIPER, WHEELER and VAN DUSER, JJ.

Judgment of conviction reversed on the law and facts and a new trial granted.